UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON SHERATON CORPORATION,<br>1111 Westchester Avenue<br>White Plains, New York 10604<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>2660 WOODLEY ROAD JOINT VENTURE,<br>200 Clarendon Street, Suite 200<br>Boston, Massachusetts 02117<br><br>　　　　and,<br><br>JOHN HANCOCK LIFE INSURANCE<br>COMPANY (formerly known as John Hancock<br>Mutual Life Insurance Company),<br>200 Clarendon Street<br>Boston, Massachusetts 02117<br><br>　　　　Defendants. | Court No. 05 Civ. _____ |

## NOTICE OF REMOVAL

　　Please take notice that defendant John Hancock Life Insurance Company, formerly known as John Hancock Mutual Life Insurance Company ("Hancock"), respectfully removes this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia upon the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in accordance with the procedures under 28 U.S.C. § 1446, and sets forth in support of its notice the following:

　　1.　　On April 15, 2005, plaintiff Washington Sheraton Corporation ("WSC") commenced a civil action against defendants Hancock and 2660 Woodley Road Joint Venture ("Woodley") by filing a summons and complaint in the Superior Court of the

District of Columbia. Attached hereto as Exhibit A are copies of plaintiff's summons and complaint.

2. On April 15, 2005, the Superior Court of the District of Columbia issued an initial order directing defendants to file an answer within 20 days from the date of service and appear for a scheduling conference on July 15, 2005. Attached hereto as Exhibit B is the Initial Order of the Superior Court of the District of Columbia.

3. On or about April 22, 2005, Hancock was served with WSC's summons and complaint.

4. Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal is being filed within 30 days after April 22, 2005, the date that Hancock was served with the summons and complaint and received actual notice of WSC's initial pleading.

5. This Court possesses original jurisdiction to entertain this action pursuant to 28 U.S.C. § 1332(a)(1).

6. Plaintiff WSC is a corporation organized under the laws of the State of Delaware, having its principal place of business in White Plains, New York.

7. Defendant Hancock is a corporation organized under the laws of the State of Massachusetts, having its principal place of business in Boston, Massachusetts.

8. Defendant Woodley was a District of Columbia general partnership whose partnership interests were 99 percent owned by Hancock and 1 percent owned by WSC. The principal place of business of the Woodley partnership was Boston, Massachusetts. Defendant Woodley dissolved on or about January 15, 1999, upon the sale of its principal asset, the Washington Sheraton Hotel.

9. Complete diversity exists between plaintiff and defendants. The joinder of Woodley as a defendant does not defeat diversity jurisdiction because (a) the citizenship of a partnership is determined by the citizenship of each of its general partners, (b) Woodley's general partners, Hancock and WSC, are citizens of different States, (c) Woodley is not a real party in interest to this action because it dissolved in January 1999, and (d) Woodley is not an indispensable party because its general partners are before this Court and complete relief can be accorded to them in Woodley's absence, and Woodley does not claim an interest relating to the subject of this action due to its dissolution in January 1999.

10. WSC's complaint alleges $2,000,000 in compensatory damages, exclusive of interest and costs. WSC's complaint further alleges punitive damages.

11. This Court, therefore, possesses original jurisdiction to entertain this action pursuant to 28 U.S.C. § 1332(a)(1), and the suit is removable to this Court in accordance with the procedures set forth in 28 U.S.C. §§ 1441 and 1446.

12. WSC and Hancock contractually consented to this Court's jurisdiction "in connection with any claim or controversy arising out of or relating to [the Woodley partnership] Agreement on the condition that, with respect to any federal litigation, the amount in controversy exceeds the statutory requirement in force as of the Effective Date." Amended and Restated Joint Venture Agreement of 2660 Woodley Road Joint Venture Dated June 12, 1990, ¶ 12.08. The amount in controversy in this case exceeds the statutory requirement in force, and the Court possesses diversity jurisdiction to entertain this action. Therefore, the conditions precedent to the parties' consent to this Court's jurisdiction are satisfied.

13. Hancock appears specifically to effect removal of the State action, and nothing in this Notice shall be construed as a general appearance or as a waiver of any of the defenses set forth in Federal Rule of Civil Procedure 12, including but not limited to insufficiency of process or service of process, failure to join an indispensable party, failure to plead fraud with particularity, and failure to state a claim upon which relief can be granted due to the applicable statute of limitations, *res judicata*, unclean hands, laches and estoppel.

14. Hancock further reserves the right to assert admissions and denials to the allegations of the complaint, as well as counter-claims and third-party claims, including but not limited to indemnification, following removal of the State action to this Court.

15. Hancock will provide written notice of the filing of this Notice of Removal to the plaintiff as required by 28 U.S.C. § 1446(d).

16. A copy of this Notice of Removal is concurrently being filed with the Clerk of the Superior Court of the District of Columbia.

WHEREFORE, defendant Hancock respectfully requests that this action proceed in this Court as an action properly removed thereto.

Dated: May 16, 2005

Respectfully Submitted,

By: _____
William E. Wallace, III (DC Bar No. 298000)
MILBANK TWEED HADLEY & MCCLOY
1825 Eye Street, N.W., Suite 1100
Washington, DC 20006
Tel: (202) 835-7511
Attorney for Defendant John Hancock
Life Insurance Co.

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2005, I caused to be served by United Postal Service copies of "NOTICE OF REMOVAL" addressed as follows:

> John Scheuermann
> Scheuermann & Menist
> 700 E Street, S.E.
> Washington, D.C. 20003
> Tel: (202) 547-9180
>
> William A. Brewer, III
> Bickel & Brewer
> 767 Fifth Avenue
> New York, NY 10153
> Tel: (212) 489-1400