# EXHIBIT A

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

Washington Sheraton Corporation
                              *Plaintiff*

vs.

John Hancock Mutual Life Insurance Co., et a[l]
                              *Defendant*

05-0002956

Civil Action No. _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

John E. Scheuermann, Bar No. 185470
Name of Plaintiff's Attorney

700 E Street, S.E.
Address
Washington, D.C.  20003

(202) 547-9180
Telephone

Clerk of the Court

By _____
      Deputy Clerk

Date April 15, 2005

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA. 500 INDIANA AVENUE. N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C.. 500 INDIANA AVENUE. N.W.. ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

WASHINGTON SHERATON
CORPORATION
c/o Starwood Hotels and Resorts Worldwide, Inc.
1111 Westchester Avenue
White Plains, NY 10604

  Plaintiff,

v.

2660 WOODLEY ROAD JOINT
VENTURE,
c/o John Hancock Properties, Inc.
Two Copley Place, Suite 200
Boston, MA 02117

and

JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY,
c/o John Hancock Properties, Inc.
Two Copley Place, Suite 200
Boston, MA 02117

  Defendants.



05-0002956

Civil Action: _____

## COMPLAINT

Plaintiff Washington Sheraton Corporation ("Plaintiff") files this Complaint against Defendants 2660 Woodley Road Joint Venture and John Hancock Mutual Life Insurance Company (collectively, "Defendants"), upon personal knowledge as to its own conduct, and upon information and belief as to the acts and omissions of all others, as follows:

I.

## PRELIMINARY STATEMENT

Defendant John Hancock Mutual Life Insurance Company is the managing partner and 99% owner of defendant 2660 Woodley Road Joint Venture (the "Partnership"). Plaintiff owns a

1

1% interest in that Partnership. Consequently, Defendants were obligated, at a minimum, to share any profits with Plaintiff in accordance with Plaintiff's interests in the Partnership.

However, in violation of Defendants' contractual and common law duties to Plaintiff, Defendants have failed to fully disclose to Plaintiff information regarding its interest in the Partnership, and have failed to account to Plaintiff for its fair share of the profits of the Partnership. Accordingly, Plaintiff files this complaint for money damages, a detailed accounting, and such other relief to which Plaintiff is entitled.

## II.

## PARTIES

**A.   Plaintiff**

1.   Plaintiff Washington Sheraton Corporation ("Plaintiff" or "Sheraton") is a Delaware corporation.

**B.   Defendants**

2.   Defendant 2660 Woodley Road Joint Venture (the "Partnership") is a District of Columbia general partnership.

3.   Defendant John Hancock Mutual Life Insurance Company ("Hancock") is a corporation organized under the laws of the Commonwealth of Massachusetts.

## III.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction over this action and venue is proper pursuant to D.C. CODE ANN. § 11-921.

2

5. This Court has personal jurisdiction over 2660 Woodley Road Joint Venture pursuant to D.C. CODE ANN. § 13-422 because 2660 Woodley Road Joint Venture is a general partnership organized under the laws of the District of Columbia.

6. This Court has personal jurisdiction over John Hancock Mutual Life Insurance Company pursuant to D.C. CODE ANN. § 13-423 because this action arises from John Hancock Mutual Life Insurance Company's (1) transacting business in the District of Columbia and/or (2) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia.

IV.

FACTUAL BACKGROUND

C. The Woodley Road Partnership

7. Plaintiff and Defendant Hancock are parties to a Joint Venture Agreement, dated September 27, 1979 (the "Original Partnership Agreement"), which formed the partnership initially styled the Sheraton Washington Joint Venture.

8. The Original Partnership Agreement was amended by an Amended and Restated Joint Venture Agreement of 2660 Woodley Road Joint Venture, dated June 12, 1990, between Sheraton, Hancock, and Sumitomo Life Realty (N.Y.), Inc. ("Sumitomo") (the "Partnership Agreement"). Pursuant to the Partnership Agreement, the Partnership is styled the 2660 Woodley Road Joint Venture.

9. Pursuant to the Partnership Agreement, the partnership interests in the joint venture were 51% owned by Hancock, 48% owned by Sumitomo, and 1% owned by Sheraton. However, on March 9, 1998, Sumitomo sold its 48% stake in the Partnership to Hancock for approximately $80 million. Thus, at all relevant times, Hancock owned a 99% interest in the Partnership.

D.  **Defendants' Obligations Under The Partnership Agreement**

1.  **The purpose of the Partnership**

10. Pursuant to Section 3.01 of the Partnership Agreement, the "business purpose of the Partnership is to:

> (i) own, finance, refinance manage, lease, maintain, renovate, and otherwise use the Subject Property as an investment; (ii) sell, exchange or otherwise dispose of the Subject Property in appropriate circumstances; and (iii) enter into any lawful transaction and engage in any other kind of lawful activity in connection with or related to the foregoing.

11. The "Subject Property" is the Sheraton Washington Hotel, located at 2660 Woodley Road, in Washington, D.C. (the "Hotel"), now known as the Marriott Wardman Park Hotel.

2.  **The Managing Partner's responsibilities**

12. Pursuant to Section 6.01 of the Partnership Agreement, Hancock is the Managing Partner of the Partnership, and has "the authority, discretion, obligation and responsibility to manage and control the affairs of the Partnership to the best of its ability and use its reasonable best efforts to carry out the Business of the Partnership."

13. Indeed, as a Partnership and its Managing Partner, Defendants owe Plaintiff obligations of the utmost fidelity, trust, loyalty, candor, and due care, and are required to act in furtherance of the best interests of the Partnership, and not in furtherance of their own interests, or to benefit themselves at Plaintiff's expense.

14. Among the duties that the Managing Partner owes to Plaintiff are to disclose to Plaintiff the true state of affairs of the Partnership, as well as Plaintiff's rights in connection therewith.

15. In addition, Article V of the Partnership Agreement, entitled "Profits, Losses and Distributions," sets forth the formulas pursuant to which profits to and among the partners,

4

including Plaintiff, shall be allocated in proportion to each partner's "Partnership Interest" or "Percentage Interest." Partnership Interests are defined as "The Ownership interest of a Partner in the Partnership at any particular time, including the right of any such Partner to share in allocations, Distributable Cash, Net Proceeds of a Capital Transaction and all other benefits to which such Partner may be entitled as provided in this Agreement and the Act." A Capital Transaction is defined as "The sale, exchange, ... or other disposition of all or substantially all the Partnership Assets ... or any other transaction that, in accordance with generally accepted accounting principles, is considered capital in nature, other than sales or dispositions of furniture, fixtures or equipment in the ordinary course of business."

16. Similarly, Section 5.03 of the Partnership Agreement, entitled "Distribution of Net Proceeds of a Capital Transaction," provides that "The Net Proceeds of a Capital Transaction shall be distributed to the Partners pro rata in proportion to their Percentage Interest." And, Section 5.04 of the Partnership Agreement, entitled "Distribution of Assets," provides that, after the Partnership's payments of certain third-party debts, and the establishment of any necessary reserves, the proceeds from the liquidation of the Partnership shall be distributed to the Partners pro rata in proportion to their Percentage Interest.

E. **Defendants' Breaches Of Common Law And Contractual Duties**

17. On or about January 15, 1999, the Partnership sold the Sheraton Washington Hotel to a third party for approximately $206,000,000 (the "Sale").

18. However, despite the foregoing, Defendants are wrongfully withholding from Plaintiff *any* Sale-related or other distributions from the Partnership's ownership, management, and sale of the Sheraton Washington Hotel.

19. Plaintiff is entitled to a *pro rata* distribution representing its interest in the Partnership, including, but not limited to, its portion of the Sale proceeds, which, upon information and belief, was approximately $2 million at the time of the Sale.

20. Despite being obligated to keep Plaintiff informed of the true state of affairs of the Partnership, Defendants concealed and/or misrepresented their intent to withhold any such allocations from Plaintiff.

21. Plaintiff had reason to and reasonably relied on Defendants' representations, to Plaintiff's detriment. Indeed, Plaintiff had no reason to know that Defendants intended to deny Plaintiff its fair share of the profits of the Partnership.

22. As a result of Defendants' concealment and other wrongful acts, Plaintiff has been prevented from discovering Defendants' wrongful schemes and can not know the true extent of its injuries.

23. As a result, Plaintiff is forced to bring this suit to enforce its rights in the Partnership.

## III.

## CLAIMS

A. **Count One: Breach Of Contract**

24. Plaintiff hereby realleges and incorporates the allegations set forth in the preceding paragraphs.

25. The Partnership Agreement is a valid and enforceable contract.

26. Plaintiff fully and faithfully discharged and performed all of its duties and obligations under the Partnership Agreement, and has otherwise satisfied all conditions precedent to the filing of this suit and the assertion of these claims.

27. Pursuant to the Partnership Agreement, Plaintiff is entitled to a *pro rata* distribution representing its interest in the Partnership.

28. As described more fully above, Defendants violated their contractual duties and obligations to Plaintiff by, among other things, failing to pay Plaintiff the fair share of its interest in the Partnership.

29. Defendants remain in breach and default of the Partnership Agreement, and Defendants' breaches, violations, and defaults are material in nature.

30. Defendants' material breaches of the Partnership Agreement have caused Plaintiff substantial injury, for which it seeks monetary relief in the form of compensatory and consequential damages in an amount to be determined by the trier of fact.

**B.    Count Two:  Breach Of Fiduciary Duty**

31. Plaintiff hereby realleges and incorporates the allegations set forth in the preceding paragraphs.

32. As a matter of law, a fiduciary relationship arose between Plaintiff and Defendants, pursuant to which Defendants owed Plaintiff duties of good faith, due care, loyalty, and full disclosure.

33. As described more fully above, Defendants violated their fiduciary duties and obligations to Plaintiff, which caused and continues to cause Plaintiff substantial injury and harm. Defendants' violation is continuing.

34. Accordingly, Plaintiff seeks an accounting of the Partnership's business.

35. In addition, Plaintiff seeks to recover an award of actual damages in an amount to be determined by the trier of fact.

36. Furthermore, because Defendants' breaches of fiduciary duty were committed knowingly, willfully, and deliberately, Plaintiff seeks to recover punitive damages in an amount to be determined by the trier of fact.

C. <u>Count Three: Common Law Fraudulent And/Or Negligent Misrepresentation and Concealment</u>

37. Plaintiff hereby realleges and incorporates the allegations set forth in the preceding paragraphs.

38. Defendants were obligated to, and represented to Plaintiff that they would, manage the Partnership on behalf of Plaintiff. However, Defendants intentionally and/or negligently made false representations to Plaintiff, and omitted and concealed other information, with the intent that Plaintiff would rely on those facts.

39. Plaintiff relied on Defendants' representations, warranties, promises, and omissions, including, but not limited to, Defendants' representations that it would provide Plaintiff with Plaintiff's interest in the Partnership.

40. Plaintiff reasonably and justifiably relied on Defendants' misrepresentations and omissions, and entrusted and continuing to entrust Defendants to manage and operate the Partnership in the interest of all of the partners of the Partnership, including Plaintiff.

41. Plaintiff had no reason to know of Defendants' undisclosed intent not to fulfill its obligations.

42. Plaintiff has been damaged as a direct and proximate result of Defendants' fraud and fraudulent concealment.

43. Accordingly, Plaintiff seeks to recover an award of actual damages in an amount to be determined by the trier of fact.

8

44. Furthermore, because Defendants' misrepresentations were made knowingly, willfully, and deliberately (or alternatively, negligently), Plaintiff seeks to recover punitive damages in an amount to be determined by the trier of fact.

IV.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff hereby requests that the Court enter a judgment in its favor and against Defendants, providing for:

a. An accounting of the Partnership's business;

b. Monetary relief, in the form of compensatory, consequential and punitive damages;

c. Reasonable and necessary attorneys' fees;

d. Prejudgment and post-judgment interest at the highest rate(s) allowed by law;

e. Costs of Court; and

f. Such other and further relief, at law or in equity, to which Plaintiff may be entitled and which this Court deems just and proper.

9

5073949.02
1643-35

Respectfully submitted,

SCHEUERMANN & MENIST

700 E Street, S.E.
Washington, D.C. 20003
Telephone: 202-547-9180
Telecopier: 202-547-2050

*/s/ Jack Scheuermann* #185470

ATTORNEYS FOR PLAINTIFF

Of counsel:
BICKEL & BREWER

William A. Brewer III
James S. Renard
Daniel L. Brown
767 Fifth Avenue
New York, NY 10153
Telephone:   (212) 489-1400
Telecopier:  (212) 489-2384