

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 2660 WOODLEY ROAD JOINT VENTURE, et al., <br><br> Plaintiffs and Counterdefendants, <br><br> vs. <br><br> ITT SHERATON CORPORATION, et al., <br><br> Defendants and Counterplaintiffs. | Civil Action No. 97-450-JJF |

**DEFENDANT'S EXHIBIT F**

### AFFIDAVIT OF JOHN S. KINZEY
### IN SUPPORT OF MOTION TO SUPPLEMENT COUNTERLCAIMS

STATE OF NEW YORK    )
                     :   ss.:
COUNTY OF NEW YORK   )

JOHN S. KINZEY, of full age and duly sworn according to law, deposes and says:

I am a member of LeBoeuf, Lamb, Greene & MacRae, L.L.P., attorneys for the Sheraton defendants and counter-plaintiff Washington Sheraton Corporation ("WSC). In this capacity I have personal knowledge of the facts set forth herein. I submit this affidavit in support of WSC's Motion for Leave to Supplement Counterclaims.

1. The hotel formerly known as the Sheraton Washington Hotel (the "Hotel") was owned by the 2660 Woodley Road Joint Venture (the "Joint Venture"), which is comprised of a 99% partnership interest held by John Hancock and a 1% interest held by WSC. John Hancock is the Managing Partner of the Joint Venture.

2. In or about February, 1999, the Joint Venture sold the Hotel. Upon information and belief, the Hotel was sold for an amount in excess of two-hundred million dollars.

3. Representatives of WSC attempted to contact John Hancock informally in an effort to obtain WSC's one percent share of the net sales proceeds. These attempts were unsuccessful.

4. On September 14, 1999, WSC sent a formal demand to John Hancock, in a letter from James Latham to Malcom Pittman requesting the funds. To date, WSC has not received a response to this demand. A copy of the letter is attached as Exhibit A to this Affidavit.

5. On September 24, 1999 I sent a letter to counsel for John Hancock, attempting to obtain counsel's assistance in expediting the payment due to WSC. A copy of this letter is attached as Exhibit B to this Affidavit.

6. On October 18, 1999, I had a follow-up conversation with counsel for plaintiffs, William Wallace, during which I informed him of our intent to amend the counterclaims to include a claim for the two million dollars in sale proceeds being wrongfully withheld from WSC. Mr. Wallace stated that plaintiffs would oppose our motion to amend the counterclaims.

7. To date, WSC has not received any of its share of the proceeds from the sale of the Hotel.

Dated: New York, New York
October 22, 1999

John S. Kinzey

Subscribed before me this
22nd day of October, 1999

Notary Public

MARIA HAVELKA
Notary Public, State of New York
No. 31-4637976
Qualified in New York County
Commission Expires August 31, 2000

2

cc - John Kerry



# STARWOOD
HOTELS & RESORTS WORLDWIDE, INC.

JAMES D. LATHAM
Senior Vice President & General Counsel
Hotel Group

September 14, 1999

Malcolm Pittman, Esq.
John Hancock Mutual Life Insurance Company
Loss Sector
P.O. Box 411
Boston, MA 02117

Re:   2660 Woodley Road Joint Venture

Dear Mr. Pittman:

This letter is a formal demand from Washington Sheraton Corporation ("Sheraton") to John Hancock Mutual Life Insurance Company ("John Hancock") as General Partner of 2660 Woodley Road Joint Venture ("Joint Venture") for a distribution to it of 1% of the net proceeds from the sale of the Washington Sheraton Hotel by the Joint Venture. Sheraton has a 1% ownership interest in the Joint Venture and in accordance with the terms of the Joint Venture, is entitled to participate in the proceeds from the sale of the Joint Venture assets. It is our understanding that this sale took place sometime in 1998 and it is unreasonable for John Hancock to not have made at least a partial distribution of the sale proceeds by this time. Sheraton also expects to receive a full accounting concerning the calculation of its distribution, as well interest on the outstanding amount.

Sheraton does not regard its right to be paid its 1% percent interest in the sale proceeds as being in any way related to the pending litigation between 2660 Woodley Road Joint Venture, et al and ITT Sheraton Corporation arising from certain operations issues at the hotel. Sheraton will aggressively resist any effort by John Hancock to join these two matters.

Please advise me when Sheraton will be paid its share of the sale proceeds.

Very truly yours,

James D. Latham

JDL/jd
(dictated but not read)

# LeBoeuf, Lamb, Greene & MacRae
## L.L.P.
A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

| | | |
|---|---|---|
| NEW YORK<br>WASHINGTON, D.C.<br>ALBANY<br>BOSTON<br>DENVER<br>HARRISBURG<br>HARTFORD<br>HOUSTON<br>JACKSONVILLE<br>LOS ANGELES<br>NEWARK<br>PITTSBURGH<br>PORTLAND, OR<br>SALT LAKE CITY<br>SAN FRANCISCO | 125 WEST 55TH STREET<br>NEW YORK, NY 10019-5389<br><br>(212) 424-8000<br>FACSIMILE: (212) 424-8500<br><br><br>WRITER'S DIRECT DIAL:<br>212-424-8242 | LONDON<br>(A LONDON-BASED<br>MULTINATIONAL PARTNERSHIP)<br>PARIS<br>BRUSSELS<br>MOSCOW<br>ALMATY<br>SÃO PAULO<br>ASSOCIATED OFFICE<br>RIYADH<br>AFFILIATED OFFICE |

September 24, 1999

**VIA FEDEX**

William E. Wallace, III, Esq.
Morgan, Lewis & Bockius, LLP
1800 M Street, N.W.
Washington, D.C. 20036-5869

    Re:  Washington Sheraton Litigation

Dear Bill:

    As you know, it has now been over six months since the former Washington Sheraton Hotel was sold by the 2660 Woodley Road Joint Venture to Thayer Lodging Group. Under the joint venture agreement, the sale of the hotel triggered the dissolution of the joint venture partnership, which in turn obligated John Hancock, as managing partner, promptly to wind up the affairs of the partnership and distribute the net proceeds of the sale to the partners.

    For some time now, the Washington Sheraton Corporation ("WSC") has been contacting John Hancock informally in an effort to obtain its one percent share of the net sales proceeds (subject, if necessary, to an appropriate reserve). When these informal efforts were unsuccessful, WSC sent a formal demand to John Hancock, on September 14, 1999, in a letter from James Latham to Malcolm Pittman. To date, WSC has not received a response to this demand.

    We are writing to request your assistance in expediting the payment due to WSC. We believe that John Hancock has had more than enough time to wind up the joint venture. To the extent that John Hancock is attempting to "stall" the distribution of WSC's funds pending the outcome of the litigation, you have done a very good job of educating me as to Chief Judge Farnan's opinion of this sort of "self help".

William E. Wallace, III, Esq.
September 24, 1999
Page 2


      We would appreciate a prompt response to this letter, so we can make the appropriate motion in advance of the October 27 pretrial conference if we are unable to resolve this matter amicably.

                                   Yours truly,

                                   John S. Kinzey

JSK/bk

cc:  James D. Latham, Esq.
      Robert H. Moriner, Esq.

## CERTIFICATE OF SERVICE

I hereby certify this 25th day of October, 1999, that I caused copies of the foregoing Affidavit of John S. Kinzey in Support of Motion to Supplement Counterclaims to be served upon the following counsel in the manner indicated:

**BY HAND**
James P. Hughes, Esq.
Young, Conaway, Stargatt & Taylor
Rodney Square North
P.O. Box 391
Wilmington, DE 19899

**BY FEDERAL EXPRESS**
William Wallace, III
Morgan, Lewis & Bockius, LLP
1800 M Street, N.W.
Washington, D.C. 20036

_____
Allen M. Terrell, Jr. (#709)

RLF1-199590-1