(303)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| 2660 WOODLEY ROAD JOINT VENTURE, et al.,     ) ) ) | |

2660 WOODLEY ROAD JOINT VENTURE,   )
   et al.,               )
                           )
                           )    Civil Action No. 97-450-JJF
   Plaintiffs and Counterdefendants, )
                           )
   vs.                   )
                           )
   ITT SHERATON CORPORATION, et al.,  )
                           )
   Defendants and Counterplaintiffs. )

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR LEAVE TO SUPPLEMENT COUNTERCLAIMS

Counterplaintiff Washington Sheraton Corporation ("WSC"), by and through its

counsel, submits this memorandum of law in support of its Motion for Leave to Supplement

Counterclaims.

### INTRODUCTION

This motion is necessitated by the fact that John Hancock has refused to distribute

to Washington Sheraton Corporation an estimated two million dollars in proceeds from the sale of

the Hotel, which occurred more than six months ago. Leave of the Court is sought because

counsel for plaintiffs has stated that plaintiffs would oppose this motion to amend the

counterclaims.

The grounds for the motion are that the facts on which the supplemental

counterclaim (the "Counterclaim") is based arose after the time at which Defendants' original

Answer and subsequent Amended Answer and Counterclaim were filed and served, yet the

interests of justice require that leave be granted to file and serve this Counterclaim in the present



DEFENDANT'S EXHIBIT<br>K

action because the Counterclaim is so related to the claims and defenses already present in the action that the parties would benefit from having these claims all tried in a single action. The counterclaims already present in this action allege that plaintiff John Hancock has breached contractual and fiduciary duties as Managing Partner of the 2660 Woodley Road Joint Venture (the "Joint Venture"). After Sheraton was removed as operator of the Hotel, pursuant to this Court's preliminary injunction order, the Hotel was sold in or around February, 1999, for an amount believed to be in excess of two-hundred million dollars. WSC, as a 1% partner of the Joint Venture that owned the Hotel, is entitled to its share of the net sale proceeds. WSC seeks to supplement its counterclaims to add a claim against plaintiff John Hancock, the Managing Partner of the Joint Venture, for WSC's share of the sale proceeds.

## FACTS

The Joint Venture owned the Hotel. Plaintiff John Hancock holds a 99% interest in the Joint Venture. Counterplaintiff WSC, a subsidiary of Sheraton, holds a 1% interest in the Joint Venture. Kinzey Aff., ¶ 1. Plaintiffs filed the complaint in this action on August 1, 1997, seeking a declaratory judgment that they had revoked an agency given to defendant Sheraton as operator of the Hotel, and injunctive relief to prevent Sheraton from continuing to exercise its agency powers. Plaintiffs also alleged that Sheraton, as operator of the Hotel pursuant to a Management Contract, breached that contract and its duties as operator owed to plaintiffs as owners of the Hotel.

On September 19, 1997, Sheraton answered the complaint and filed counterclaims alleging that John Hancock breached contractual and fiduciary duties as Managing Partner of the Joint Venture. Sheraton was joined in its counterclaims by third party counterplaintiff WSC. After the Court's decision granting plaintiff's motion for a preliminary injunction allowing John

2

Hancock to remove Sheraton as operator of the Hotel, Sheraton and WSC amended their counterclaims to include a claim for damages for wrongful termination of the Management Contract.

In or about February, 1999, after the filing of the original answer and counterclaim and the amended counterclaims, the Joint Venture sold the Hotel. Kinzey Aff., ¶ 2. The sale price for the Hotel is believed to be in excess of two-hundred million dollars. Id. WSC, as holder of a 1% interest in the Joint Venture, is entitled to its share of the proceeds from the sale of the Hotel. WSC has made demand for its share of the proceeds. Kinzey Aff., ¶¶ 3 - 5. To date, John Hancock has wrongfully withheld WSC's share of the proceeds from the sale of the Hotel, believed to be in excess of two million dollars. Kinzey Aff., ¶ 7. Counsel for plaintiffs stated that plaintiffs would oppose a motion to amend the counterclaims. Kinzey Aff., ¶ 6.

**ARGUMENT**

I.    **WSC's Counterclaim for its Share of the Sale Proceeds
is Related to and Arises out of the Same Transactions and Occurrences
as the Main Counterclaims Already Present in this Case**

Federal Rule of Civil Procedure 13(e) provides that a claim which matured after serving a pleading may, with the permission of court, be presented as a counterclaim by supplemental pleading. See Skaro v. Eastern Sav. Bank, 866 F. Supp. 229, 233-34 (W.D. Pa. 1994) (in action requesting accounting and equitable and declaratory relief in connection with mortgage bond agreement, court sustained jurisdiction over defendant's after-acquired counterclaim seeking to recover amounts due on side agreement made to keep bond current because it arose out of same transaction or occurrence as main claim and was within court's supplemental jurisdiction under 28 U.S.C. § 1367(a)). The premise of Rule 13(e) is that closely related claims, including after-arising counterclaims, should be tried together to avoid the

3

inefficiencies of multiple proceedings. See Skaro, 866 F. Supp. at 233-34 (W.D. Pa. 1994) (quoting Harbor Ins. Co. v. Continental Bank Corp., 922 F.2d 357 (7th Cir. 1990)).

Federal Rule of Civil Procedure 15(a) provides that a party may amend the party's pleading by leave of court, and leave shall be freely given when justice so requires. This rule has been liberally construed to favor granting leave to amend pleadings absent a substantial reason to deny. See Berkshire Fashions, Inc. v. The M.V. Hakusan II, 954 F.2d 874, 887 (3d Cir. 1992) (rationale for construction of Rule 15 stems from liberal approach to amendments embodied in judicial interpretation of rule).

This Counterclaim involves the exact same parties and the exact same agreements that are at issue in the case already. WSC has already asserted claims against John Hancock for breaches of John Hancock's duties as Managing Partner of the Joint Venture. Now, John Hancock has committed an additional breach of its duties under the Joint Venture Agreement by wrongfully withholding more than two-million dollars of the Hotel sale proceeds to which WSC is legally entitled.. The interests of judicial economy and justice require that this Counterclaim be tried with the rest of this case so that all disputes regarding the Hotel and the parties' relationship can be resolved in one proceeding.

The factors that a district court may use to deny leave to amend, including delay in discovery and trial preparation and undue prejudice to the opposing party, are not present in this case. WSC has not delayed in bringing this Counterclaim. The Hotel was sold in March, and WSC has sought to receive its share of the sale proceeds from John Hancock through the ordinary course of business. It is only in recent weeks that it has become apparent that John Hancock does not intend to honor its obligation to distribute the sale proceeds to WSC.

Moreover, the existing counterclaims already allege that John Hancock breached its duties as Managing Partner of the Joint Venture. No additional discovery is required with respect to the supplemental Counterclaim. There is no dispute that the Hotel was sold and that John Hancock has not distributed any sale proceeds to WSC. There will be no delay in trial preparation. Finally, John Hancock will suffer no prejudice by the introduction of this Counterclaim. It is in the interests of all parties that all claims regarding the Hotel be litigated and resolved in this one action.

CONCLUSION

For all of the above reasons, this Court should grant WSC leave to file and serve the Second Amended Answer and Counterclaim attached hereto.

Dated: Wilmington, Delaware
      October ___, 1999

Allen M. Terrell, Jr. (I.D. # 709)
Srinivas M. Raju (I.D. # 3313)
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 658-6541
Attorneys for Defendants and
Counterclaimants and Third-Party Plaintiffs

OF COUNSEL:

John S. Kinzey
Scot C. Gleason
Nicholas W.C. Corson
LeBOEUF, LAMB, GREENE & MacRAE, LL.P.
125 West 55th Street
New York, New York 10019-5389

## CERTIFICATE OF SERVICE

I hereby certify this 25th day of October, 1999, that I caused copies of the

foregoing Memorandum of Law in Support of Motion for Leave to Supplement Counterclaims to

be served upon the following counsel in the manner indicated:


**BY HAND**
James P. Hughes, Esq.
Young, Conaway, Stargatt & Taylor
Rodney Square North
P.O. Box 391
Wilmington, DE  19899

**BY FEDERAL EXPRESS**
William Wallace, III
Morgan, Lewis & Bockius, LLP
1800 M Street, N.W.
Washington, D.C.  20036

Allen M. Terrell, Jr. (#709)