UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON SHERATON CORP., <br><br> Plaintiff, <br><br> v. <br><br> 2660 WOODLEY ROAD JOINT VENTURE, et al., <br><br> Defendants. | Civil Action 05-00971 (HHK) |

### *ORDER FOR INITIAL SCHEDULING CONFERENCE*

  The above-captioned case has been assigned to the undersigned for resolution. The initial scheduling conference will be conducted on **November 13, 2006, at 10:30 a.m.., Courtroom 27A, 6th floor**. Counsel who attend must be sufficiently familiar with the case to answer any questions which arise; parties are welcome and are encouraged to attend.

  Pursuant to LcvR 16.3(a) of the Local Rules and Fed. R. Civ. P. 26(f) and 26(f)(1), counsel shall submit their joint statement addressing all topics listed in LcvR 16.3(c) no later than 14 days following their meeting. Counsel are also directed to either include in their joint statement or in a supplemental pleading to be filed no later than 72 hours prior to the initial scheduling conference, a brief statement of the case and the statutory basis for all causes of action and defenses.

  Counsel are required to comply with Local Civil Rule 16.3 and, in particular, Rule 16.3(c), as amended August 15, 1995, and attached hereto as Appendix II. In considering what form of alternative dispute resolution the parties think the case is most suited for, counsel are reminded that among their options are mediation, arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution which can be tailored to the needs of their case.

Extensions or enlargements of time will not be granted at any time solely upon stipulation by the parties. Any requests for a continuance or other scheduling change must include alternative dates that have been agreed to by all the parties. Requests that do not include an alternative date acceptable to all the parties will be denied.

Parties are to communicate with the court by motion, opposition, reply, and not by letter. Inquiries concerning the status of any pending matter shall be directed to the courtroom deputy, Tanya Johnson (202) 354-3141, or if he is unavailable, to the staff person in the Clerk's Office designated as his substitute. Chambers will not answer questions regarding any pending matters before Judge Kennedy. In an emergency, however, chambers can be reached at (202) 354-3350.

**APPENDIX I**
*(Case Tracking Schedules)*

The following are the presumptive schedules the court shall follow. Variations may be appropriate in light of individual case differences. All time-frames are calculated from the date of the initial scheduling conference unless otherwise indicated.

|  | **Track One** (Fast) | **Track Two** (Standard) | **Track Three** (Complex) |
|---|---|---|---|
| Exchange witness lists | 15 days | 30 days | 60 days |
| Deadline for Post-R. 26(a) discovery requests | 30 days | 45 days | 90 days |
| Proponent's R. 26(a)(2) statements | N/A | 60 days | 120 days |
| Opponent's R. 26(a)(2) statements | N/A | 90 days | 150 days |
| <u>All</u> discovery closed | 60 days | 120 days | 180 days |

**APPENDIX II**
*(Local Civil Rule 16.3 - Duty to Meet and Confer)*

(c) Matters to be discussed by the parties.

At the meeting required by this Rule, the parties shall discuss the following matters:

* * *

(5) Whether the case could benefit from the court's Alternative Dispute Resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

> (i) the client's goals in bringing or defending the litigation;
>
> (ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement;
>
> (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:
>
>> (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and
>>
>> (bb) whether ADR should take place before or after the judicial resolution of key legal issues;
>
> (iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and
>
> (V) whether cost savings or any other practical advantage would flow from a stay of discovery or of other pretrial proceedings while an ADR process is pending.