UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WASHINGTON SHERATON CORPORATION,<br><br>Plaintiff and Counterclaim Defendant,<br><br>-v-<br><br>2660 WOODLEY ROAD JOINT VENTURE,<br><br>and<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (formerly known as John Hancock Mutual Life Insurance Company). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:05CV0971-HHK |

**JOINT REPORT OF PARTIES' PROPOSED DISCOVERY PLAN**

Washington Sheraton Corporation ("WSC"), by and through its counsel Scheuermann & Menist and Bickel & Brewer, and John Hancock Financial Services, Inc. (formerly known as John Hancock Life Insurance Company and John Hancock Mutual Life Insurance Company) ("Hancock"), by and through its counsel Milbank, Tweed, Hadley & McCloy LLP ("Milbank"), met by teleconference on October 30, 2006, for the purpose of conferring as directed in Fed. R. Civ. P. 26(f), Local Rule 16.3 and the Order for Initial Scheduling Conference dated October 17, 2006. Luke McGrath of Bickel & Brewer and Jonathan Poling of Milbank participated in that teleconference. The parties hereby submit their joint written report outlining their proposed discovery plan.

# I.

## WSC'S BRIEF STATEMENT OF THE CASE

This case involves the distribution of the assets of a joint venture (the "Partnership"), including, but not limited to, the proceeds from the sale (the "Sale") of the hotel formerly known as the Sheraton Washington Hotel (the "Hotel"). WSC claims that Hancock and the Partnership did not distribute to WSC its proportionate interest in the proceeds from the Sale and any other assets of the Partnership. In its complaint, WSC claims Hancock and the Partnership breached the joint venture agreement, breached their duties to WSC, and either fraudulently or negligently misrepresented and concealed material facts regarding the Sale and the liquidation of the Partnership, thereby damaging WSC.

On September 27, 2006, this Court ruled on Hancock's motion to dismiss the Complaint. This Court denied Hancock's motion to dismiss counts I (breach of contract) and II (breach of fiduciary duty) and granted its motion to dismiss count III (common law fraud and/or negligent misrepresentation and concealment).

On October 24, 2006, Hancock served its Answer and Counterclaims denying the allegations supporting WSC's surviving claims, and bringing counterclaims against WSC for breach of contract, breach of fiduciary duty, and conspiracy with regard to numerous claims that Hancock alleged against Sheraton, which were the subject of a previous litigation in the Untied States District Court for the District of Delaware.

The Partnership failed to answer WSC's Complaint.

## HANCOCK'S BRIEF STATEMENT OF THE CASE

This case involves the distribution of the assets of a joint venture (the "Partnership"). In its complaint, WSC claims Hancock and the Partnership breached the joint venture agreement and breached their duties to WSC by failing to distribute proceeds relating to the sale of the Partnership's sole asset, the Sheraton Washington Hotel, and the liquidation of the Partnership, thereby damaging WSC. Hancock, on the other hand, denies WSC's allegations, asserts several affirmative defenses and counterclaims that WSC is liable to Hancock for breach of contract, breach of fiduciary duty, and conspiracy. Hancock alleges that WSC assisted Sheraton in its breaches against the Partnership and which Hancock proved in a previous litigation in the United States District Court for the District of Delaware.

Hancock has asserted an affirmative defense against WSC's claims pursuant to the District of Columbia's statute of limitations, D.C. Code § 12-301 (2006).

## II.

## JOINT REPORT

WSC and Hancock submit this joint report as follows:

1. As discussed above, this Court has already ruled on Hancock's motion to dismiss the Complaint. WSC believes that this case may be disposed of by a dispositive motion. Hancock believes that its counterclaims are not likely to be disposed of by a dispositive motion.

2. The parties do not anticipate joining any other parties at this time.

3. The parties consent to conducting pre-trial proceedings before a Magistrate Judge, but do not consent to conducting a trial before a Magistrate Judge. 28 U.S.C. § 636(c).

4. The parties believe there is a realistic possibility of settling the case.

5. The parties do not consent to Alternative Dispute Resolution.

6. WSC believes that this case may be resolved by a motion to dismiss or motion for summary judgment. Hancock believes that this case may be resolved by a motion for summary judgment.

7. Pursuant to Fed. R. Civ. P. 26(a)(1), the parties agree that initial disclosures will be made on or before December 15, which initial disclosures shall include (*i*) a list of individuals likely to have discoverable information, and (*ii*) a description by category and location of relevant documents.

8. All <u>fact</u> discovery shall be completed no later than March 16, 2007.

9. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia. The following interim deadlines may be extended by the written consent of all parties without

application to the Court, provided all fact discovery is completed by the date set forth in paragraph 8 above:

      a.    Initial requests for production of documents to be served by November 22;

      b.    Interrogatories to be served by January 15, 2007;

      c.    Depositions to be completed by March 16, 2007; and

      d.    Requests to Admit to be served no later than February 16, 2007.

The following deadlines shall apply to expert discovery:

      a.    All expert reports shall be exchanged no later than April 27, 2007;

      b.    All expert rebuttal reports shall be exchanged no later than May 28, 2007; and

      c.    All expert discovery shall be concluded no later than June 8, 2007.

10.    A pre-trial conference shall be held on a date to be determined by the Court.

[Trial is 30-60 days later]

11.     At this time, the parties do believe that certain orders should be entered by the Court under Rule 26(c) or Rule 16(b) and (c).  Specifically, the parties will likely agree that a confidentiality order will be appropriate in this case.

Dated:          New York, New York
                November 10, 2006

Respectfully submitted,

| **BICKEL & BREWER** | **MILBANK, TWEED, HADLEY & McCLOY, LLP** |
|---|---|
| By: /s/ William Brewer | By: /s/ William E. Wallace III |
| William Brewer | William E. Wallace III |
| James Renard | Jonathan C. Poling |
| Luke McGrath | 1850 K Street, N.W., Suite 1100 |
| 767 Fifth Avenue, 50th Floor | Washington, DC 20006 |
| New York, New York 10153 | Telephone: (202) 835-7511 |
| Telephone: (212) 489-1400 | Facsimile:  (202) 263-7511 |
| Facsimile: (212) 489-2384 | *Attorneys for Defendant and Counterclaimant.* |
| *Attorneys for Plaintiff and Counterclaim Respondent* | |

**SCHEUERMANN & MENIST**

By: /s/ John E. Scheuermann
      John E. Scheuermann
      700 E Street, S.E.
      Washington, D.C. 20003
      Telephone: 202-547-9180
      Telecopier: 202-547-2050
      *Attorneys for Plaintiff and
      Counterclaim Respondent*

5119091.1
1643-35

CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2006, I electronically filed and caused to be served by First Class Mail copies of the <u>Joint Report of Parties' Proposed Discovery Plan</u> to the following:

>John Scheuermann
>Scheuermann & Menist
>700 E Street, S.E.
>Washington, D.C. 20003
>Tel: (202) 547-9180
>
>William A. Brewer, III
>Bickel & Brewer
>767 Fifth Avenue
>New York, NY 10153
>Tel: (212) 489-1400

/s/ William E. Wallace III