UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____

WASHINGTON SHERATON CORPORATION,   )
    )
    Plaintiff,            )
    )
    v.              )
    )
2660 WOODLEY ROAD JOINT VENTURE,   )
    )    Case No. 1:05CV0971-HHK
    and,           )
    )    Status Conference:
    )    **Sept. 21, 2007 at 10:15am**
JOHN HANCOCK LIFE INSURANCE   )
COMPANY (formerly known as John Hancock   )
Mutual Life Insurance Company),   )
    )
    Defendants.       )
_____)

MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS

William E. Wallace III  (DC Bar No. 298000)
Jonathan C. Poling (DC Bar No. 489459)
MILBANK TWEED HADLEY & McCLOY
1850 K Street, N.W., Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile:  (202) 835-7586

*Attorneys for John Hancock Life Ins. Co. & 2660 Woodley
Road Joint Venture*

January 9, 2007

**TABLE OF CONTENTS**

**Page**

I.      PRELIMINARY STATEMENT ................................................................ 4

II.     FACTUAL BACKGROUND ................................................................... 4

        A.      Defendants Incurred Significant Legal Expenses Relating To Plaintiff's
                Claims In Delaware Action ........................................................... 5

III.    THE RECOUPMENT COUNTERCLAIMS ............................................. 6

IV.     PLAINTIFF'S ARGUMENTS AGAINST THE RECOUPMENT
        COUNTERCLAIMS MUST FAIL ........................................................ 8

V.      ARGUMENT ......................................................................................... 9

        A.      Standard And Burden Of Proof ................................................... 9

        B.      Defendants' Counterclaims Arise From The Same Contract As Plaintiff's
                Claims .................................................................................. 10

        C.      The Nature Of Relief Sought By Defendants' Counterclaims Is The Same
                Kind Of Relief Sought By Plaintiff's Claims ................................ 13

        D.      The Partnership Agreement Provides Defendants Are Entitled To
                Attorneys' Fees Against Plaintiff ................................................ 13

        E.      Defendants' Counterclaims Are Not Barred By The Doctrines Of
                Satisfaction And Double Recovery ............................................... 14

        F.      Plaintiff's Request For Costs And Attorneys' Fees Is Without Merit ...... 15

VI.     CONCLUSION ................................................................................... 16

# TABLE OF AUTHORITIES

**Page**

## CASES

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................ 9

*Baylor v. Bortolussi*,
   194 A.2d 653 (D.C. 1963) ........................................................................ 8, 11, 12

*Browning v. Clinton*,
   292 F.3d 235 (D.C. Cir. 2002) ............................................................................ 9

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ............................................................................................ 9

*Conley v. Gibson*,
   355 U.S. 41 (1957) ............................................................................................ 10

*Corto v. Nat'l Scenery Studios, Inc.*,
   705 A.2d 615 (D.C. 1997) ........................................................................... 11, 12

*Crull v. Gem Ins. Co.*,
   58 F.3d 1386 (9th Cir. 1995) ............................................................................ 15

*District Cablevision Ltd. Partnership v. Bassin*
   828 A.2d 714 (D.C. 2003) .................................................................................. 8

*Estate of Anthony Phillips v. District of Columbia*,
   257 F. Supp. 2d 69 (D.D.C. 2003) ...................................................................... 9

*F.D.I.C. v. Hulsey*,
   22 F.3d 1472 (10th Cir. 1994) .......................................................................... 14

*Holy Land Found. for Relief v. Ashcroft*,
   333 F.3d 156 (D.C. Cir. 2003) ............................................................................ 9

*In re Eyke*,
   246 B.R. 550, (Bankr. W.D. Mich. 2000) .......................................................... 15

*Kingman Park Civic Ass'n v. William*,
   348 F.3d 1033 (D.C. Cir. 2003) ........................................................................ 10

*Reiter v. Cooper*,
   507 U.S. 258, 264 (1993) .................................................................................... 7

*Stokes v. Cross*,
   327 F.3d 1210 D.C. Cir. 2003) .......................................................................... 10

*United States v. Green*,
   33 F. Supp. 2d 203 (W.D.N.Y. 1998) ............................................................... 14

*United States v. Intrados/Int'l Mgmt. Group*,
   277 F.Supp.2d 55 (D.D.C. 2003) ................................................................ passim

*United States v. Ownbey Enters., Inc.*,
   780 F. Supp. 817 (N.D. Ga. 1991) ................................................................... 16

*United States v. Sherwin-Williams Co.*,
   2001 U.S. Dist. LEXIS 25120, at *16 (C.D. Ill. 2001) ..................................... 14

**RULES**

Fed. R. Civ. P. 13(a) ................................................................................................ 10

Fed. R. Civ. P. 7.1 ..................................................................................................... 1

Fed. R. Civ. P. 8(c) ................................................................................................... 2

**TREATISE**

80 C.J.S. *Set-off and Counterclaim* § 2 (2000) ...................................................... 5

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
WASHINGTON SHERATON CORPORATION,  )
                                   )
      Plaintiff,                     )
                                   )
       v.                      )
                                   )
2660 WOODLEY ROAD JOINT VENTURE,  )
                                   )     Case No. 1:05CV0971-HHK
      and,                    )
                                   )
JOHN HANCOCK LIFE INSURANCE     )
COMPANY (formerly known as John Hancock )
Mutual Life Insurance Company),       )
                                   )
      Defendants.               )
_____)

MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS

        Defendants John Hancock Life Insurance Company ("Hancock") and the 2660
Woodley Road Joint Venture ("Partnership") (collectively "Defendants") submit this
Memorandum in Opposition to Plaintiff Washington Sheraton Corporation's (n/k/a Washington
Sheraton L.L.C.) ("WSC") Motion to Dismiss Defendants' Counterclaims ("Motion") pursuant
to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7(a).[1]

        Plaintiff's motion should be denied.  If the Court grants Plaintiff's motion, in
whole or in part, Defendants respectfully request leave to amend the Answer and Counterclaims.

_____

[1]      Plaintiff's corporate form has apparently changed.  Plaintiff now states that it is known as
"Washington Sheraton L.L.C."  Motion, at 1. Defendants note that Plaintiff has failed to file a corporate
disclosure statement pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 7.1.  *See* Fed. R. Civ.
P. 7.1.  Defendants further note that WSC's attorneys from the firm of Bickel & Brewer and appear as "of
counsel" on the Motion have yet to file an entry of appearance with this Court, despite the Court's
admonition that they do so at the scheduling conference before the Court on November 13, 2006.

## I.    PRELIMINARY STATEMENT

Plaintiff seeks to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7(a) Defendants' three Counterclaims for recoupment against Plaintiff. Defendants have pled the required facts necessary to assert their Counterclaims for recoupment, and Plaintiff's motion should be denied because it is without merit.[2]

## II.    FACTUAL BACKGROUND

Plaintiff and Defendants have been engaged in litigation for almost a decade regarding the Partnership and the sale of the Partnership's asset, the Sheraton Washington Hotel ("Hotel"), in 1999.  The Partnership entered an appearance and answered Plaintiff's Complaint on December 8, 2006, when the remaining Defendants filed their Amended Answer and Counterclaims ("Counterclaims").

Plaintiff and Hancock entered into the Amended and Restated Joint Venture Agreement and its Amendments ("Partnership Agreement"), which formed the Partnership and established the parties' ownership interest in the Hotel.  Defendants Counterclaims are asserted pursuant to the Partnership Agreement.  Under the Partnership Agreement, Defendants are entitled to recover attorneys' fees against Plaintiff that they did not recover from Plaintiff during the Delaware Action.[3]

---

[2]    If the Court concludes that Defendants' claims cannot be brought as counterclaims, Defendants request that the Court allow their claims to be asserted as part of their affirmative defenses.  *See* Fed. R. Civ. P. 8(c) ("When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.").

[3]    *See, e.g.* Partnership Agreement, at ¶6.10; Counterclaim, at 9.

A.    **Defendants Incurred Significant Legal Expenses Relating To Plaintiff's Claims In Delaware Action**

The Partnership entered into an agreement ("Management Agreement") with the Sheraton Entities to manage and operate the Hotel.[4]  Under the Management Agreement, dated September 27, 1979, the Sheraton Entities operated the Hotel on behalf of the Partnership.  In 1997, Defendants brought suit against the Sheraton Entities for, among other things, breach of contract and breach of fiduciary duty arising out of the Management Agreement, RICO violations, and violations of the Robinson-Patman Act.[5]  On March 27, 1998, one of the Sheraton Entities, ITT Sheraton Corporation, and Plaintiff also brought three counterclaims against Hancock pursuant to the Partnership Agreement.  These claims were for: (1) breach of fiduciary duty for failing to perform its duties as managing partner relating to the Hotel; (2) removal of Hancock as managing partner of the Partnership pursuant to paragraph 6.01 of the Partnership Agreement; and (3) breach of fiduciary duty of the Partnership Agreement for terminating the Management Agreement with the Sheraton Entities.[6]

---

[4]    Counterclaims, at ¶ 57.  The "Sheraton Entities" are defined in paragraph 49 of the Counterclaims to collectively include: The Sheraton Corporation (f/k/a ITT Sheraton Corporation or the ITT Corporation), Sheraton Operating Company, and/or Starwood Hotels and Worldwide Resorts, Inc.

[5]    The first litigation is referred to in the Counterclaims as "Sheraton-Hancock Litigation I," but Defendants, for the sake of clarity, when responding to Plaintiff's motion use, "Delaware Action." Plaintiff erroneously states that Defendants filed suit against the Sheraton Entities for breach of the Partnership Agreement and cites in support paragraph 57 of Defendants' Counterclaims.  Motion, at 4. But paragraph 57 makes clear that Defendants and then partner, Sumitomo, brought suit against the Sheraton Entities for breaches relating to the Management Agreement—not the Partnership Agreement. Counterclaims, at ¶ 57.

[6]    Plaintiff's first counterclaims against Defendants were asserted as the Fourth, Fifth, and Sixth counterclaims at paragraphs 119-132 of the Answer and Amended Counterclaim. *See* Declaration of John E. Scheuermann In Support of Plaintiff's Motion To Dismiss Defendants' Counterclaims ("Scheuermann Declaration"), at Ex. 1.  Plaintiff asserted counterclaims, but did not answer the Complaint because it was not named as a defendant in the first action.

On October 25, 1999, Plaintiff sought leave to supplement its counterclaims to assert another cause of action relating to Defendants' alleged failure to distribute the proceeds from the sale of the Hotel.[7]  Prior to the trial on Defendants' claims, Chief Judge Farnan ruled on December 2, 1999, that some of the Plaintiff's and its Sheraton Entities' counterclaims would be severed and resolved post-trial.  In the same decision, Judge Farnan also denied Plaintiff's motion for leave to "supplement" the several counterclaims based on its claim for 1% of the sale proceeds from the sale of the Hotel.[8]  After pursuing its claims against Defendants and forcing Defendants to incur significant legal expenses in defending those claims, Plaintiff decided to abandon all of the claims that had been severed pre-trial.  Defendants have never recovered the significant legal expenses incurred in connection with the defense of Plaintiff's claims of breach of fiduciary duty under the Partnership Agreement in the Delaware Action.  Defendants are entitled to recover these costs against any damages Plaintiff may be awarded in this action.  Plaintiff's conduct in this litigation is merely a continuance of its breach of fiduciary duties to the Partnership, causing damage to the Partnership, to which they are also entitled to recover.

## III.    THE RECOUPMENT COUNTERCLAIMS

Defendants assert three Counterclaims against Plaintiff.  All of the Counterclaims are asserted as claims of recoupment against Plaintiff's claims and (i) assert claims for breaches of fiduciary duty—the same type of claim asserted by Plaintiff against Defendants; (ii) arise out of the same contract under which Plaintiff's claims arise—the Partnership Agreement; and (iii)

---

[7]    This additional counterclaim was asserted derivatively by Plaintiff against Hancock as the Seventh Counterclaim at paragraphs 137-139.  *See* Scheuermann Declaration, at Ex. 5.

[8]    *See* Scheuermann Declaration, Ex. 6.

seek recoupment of monetary damages against Plaintiff—the same kind of damages sought by

Plaintiff.[9] Plaintiff's motion to dismiss must, therefore, be denied.

What Defendants allege is clear: Plaintiff has breached its fiduciary duty to

Defendants under the Partnership Agreement by aiding and abetting one or more of the Sheraton

Entities in breaching their fiduciary duties to the Partnership and engaging in a civil conspiracy

thereof or in a breach of its fiduciary duty to Defendants under the Partnership Agreement as an

alter ego to one or more of the Sheraton Entities.[10]

Plaintiff seeks monetary damages from Defendants, including but not limited to

its purported proceeds from the sale of the Hotel and its interest in the Partnership under the

Partnership Agreement.  Defendants, on the other hand, have incurred monetary damages,

including, but not limited to attorneys' fees, as a result of Plaintiff's breaches of fiduciary duty—

---

[9]    As Plaintiff acknowledges, recoupment is a defensive claim that allows a party to recover damages that might otherwise be barred by the statute of limitations against an affirmative claim by the plaintiff.  *See, e.g.,* Motion, at 17, fn. 67.  *See also Reiter v. Cooper,* 507 U.S. 258, 264 (1993) ("Recoupment claims are generally not barred by a statute of limitations so long as the main action is timely."); 80 C.J.S. *Set-off and Counterclaim* § 2 (2000) ("Recoupment is a common-law, equitable doctrine that permits a defendant to assert a defensive claim aimed at reducing the amount of damages recoverable by a plaintiff.").

[10]    Plaintiff's relationship to one or more of the Sheraton Entities in the Delaware Action will be at issue for purposes of both these Counterclaims and Defendants' unclean hands affirmative defense.  It has already been determined that the Sheraton Entities were guilty of breaches of fiduciary duty and other misconduct against the Partnership.  The question remains whether WSC is one and the same as one or more of these guilty parties.  There is ample evidence, even as discovery is just now beginning, to suggest that WSC is nothing more than a glove for the Sheraton Entities in which to place their dirty hands.  For example, David T. Rich, Vice President and Associate General Counsel for ITT Sheraton Corporation (f/k/a Sheraton Corporation and n/k/a Starwood Hotels and Worldwide Resorts), submitted an affidavit in the prior litigation dated November 6, 1997, wherein he stated: "I believe that John Hancock representatives *fully understood that the ultimate party in interest in the transaction was [the] Sheraton [Entities]*, which was the source of WSC's capital funding, and that John Hancock had little or no[t] [sic] interest in how we ordered Sheraton's business affairs among Sheraton and its subsidiaries."  Plaintiff appears to have changed its corporate form from a corporation to a limited liability company *only after* Defendants made allegations that Plaintiff is an alter ego to the Sheraton Entities.

which continue to this day—and Defendants are thus entitled to assert recoupment counterclaims to recover damages against any monetary award that might be granted to Plaintiff.[11]

## IV.    PLAINTIFF'S ARGUMENTS AGAINST THE RECOUPMENT COUNTERCLAIMS MUST FAIL

Plaintiff asserts four arguments in support of its motion to dismiss pursuant to Rule 12(b)(6) Defendants' Counterclaims.  *First*, Plaintiff argues that under Rule 13, Defendants' Counterclaims do not arise out of the same transaction and occurrence as its claims. *Second*, Plaintiff argues that this Court has already ruled that for purposes of *res judicata* Plaintiff's claims are not the same as claims it had asserted against Defendants in the Delaware Action and, therefore, Defendants' Counterclaims must be different from Plaintiff's claims. *Third*, Plaintiff argues that Defendants' Counterclaims do not seek the same kind or nature of relief sought by Plaintiff's claims and, therefore, are not subject to recoupment.  *Fourth*, Plaintiff argues that Defendants' Counterclaims are barred by the doctrine of satisfaction and the prohibition against double recovery.  Notably, Plaintiff never argues that Defendants have failed to allege facts sufficient to support its claims for breaches of fiduciary duty by Plaintiff.[12]

Plaintiff's motion to dismiss should be denied by this Court because each of Plaintiff's four arguments is wholly without merit.

---

[11]    *See Baylor v. Bortolussi*, 194 A.2d 653, 655 (D.C. 1963) ("To be understated about it, the equitable doctrine of recoupment is not a precisely defined one, either in Delaware or in other jurisdictions.").  As explained in *District Cablevision Ltd. Partnership v. Bassin*, "[a] setoff is a demand which the defendant has against the plaintiff, arising out of a transaction extrinsic to the plaintiff's cause of action.…  A recoupment, on the other hand, is a reduction or rebate by the defendant of part of the plaintiff's claim because of a right in the defendant arising out of the same transaction." 828 A.2d 714, 731 (D.C. 2003).

[12]    Plaintiff does not argue that Defendants have failed to allege facts sufficient to support a cause of action for breach of fiduciary duty as a result of Plaintiff's aiding and abetting the Sheraton Entities in breaches of fiduciary duty; civil conspiracy; and alter ego breach of fiduciary duty.

## V.    ARGUMENT

### A.    Standard And Burden Of Proof

Plaintiff bears the burden of showing that Defendants' Counterclaims should be dismissed pursuant to Rule 12(b)(6).  "The Court will not grant a motion to dismiss . . . pursuant to Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond doubt that the [Defendants] can prove no set of facts in support of [their] claims which would entitle [them] to relief."[13]

In order to survive a motion to dismiss at this stage of the proceedings, Defendants need only make a showing sufficient to establish the mere existence of every element essential to their case.[14]  As a matter of law, Defendants' claims should be construed liberally in their favor, and they should be granted the benefit of all inferences in their favor that can be derived from their claims as set forth in the Counterclaims.[15]

The Court must accept as true all allegations of fact set forth in Defendants' Counterclaims, construe the Counterclaims in the light most favorable to Defendants, and determine whether "under any reasonable reading of the pleading, [Defendants] may be entitled to relief."[16]  The Counterclaims need only set forth a short, plain statement of the claims giving rise to the causes of action and thereby giving Plaintiff fair notice of the underlying facts and grounds upon which the claims rest.[17]

In order to assert a claim for recoupment, Defendants merely need to allege facts sufficient to support a finding that: (1) the claim arises from the same transaction or occurrence

---

[13]    *Estate of Anthony Phillips v. District of Columbia*, 257 F. Supp. 2d 69, 76 (D.D.C. 2003).

[14]    *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[15]    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

[16]    *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *Holy Land Found. for Relief v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003).

[17]    *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

as Plaintiff's suit; (2) the relief sought is of the same kind or nature as the requested relief; and

(3) any damages do not exceed the amount sought by Plaintiff's claim.[18]   Defendants have pled

facts sufficient to survive a motion to dismiss pursuant to Rule 12(b)(6).  Plaintiff has failed to

carry its burden to prove otherwise and its motion should, therefore, be denied.[19]

### B.     Defendants' Counterclaims Arise From The Same Contract As Plaintiff's Claims

Defendants—like Plaintiff—"[are] entitled to assert [their] Partnership rights

herein under the terms of the parties' [Partnership] Agreement."[20]   While Plaintiff argues that

Defendants' Counterclaims do not arise from the same "transaction" as WSC's claims in this

action, in reality both parties' claims arise under the Partnership Agreement.  As Plaintiff's own

caselaw makes clear, recoupment is an allowable defensive counterclaim when the counterclaim

arises out of either the same transaction *or the same contract* as Plaintiff's claim.[21]   Defendants'

Counterclaims arise under the Partnership Agreement—the very same contract under which

Plaintiff asserts breach of fiduciary duty and breach of contract claims against Defendants.

Plaintiff argues that "WSC's claims relate to its Partnership rights under the

[Partnership] Agreement, whereas Defendants' Counterclaims relate to conduct that took place

six years or more before WSC's claims accrued.  No 'immediate' connection may be drawn

---

[18]    *See, e.g., United States v. Intrados/Int'l Mgmt. Group,* 277 F.Supp.2d 55, 59 (D.D.C. 2003) (providing the elements necessary to plead recoupment) (citations omitted).

[19]    *Stokes v. Cross*, 327 F.3d 1210, 1215 (D.C. Cir. 2003) ("The Rules 'do not require a claimant to set out in detail the facts upon which he bases his claim.'") (quoting *Conley,* 355 U.S. at 47).

[20]    Motion, at 15, fn. 59.

[21]    *See, e.g.,* Motion, at 9, fn. 34 (citing *Baylor*, 194 A.2d at 656, and quoting language from the case that allows recoupment claims to be asserted where they "arise out of the *same contract*") (emphasis added); Motion, at 12, fn. 49 (citing *Corto v. Nat'l Scenery Studios, Inc.,* 705 A.2d 615, 621-22 (D.C. 1997), and quoting the holding of the case that denied the recoupment counterclaim because it did not "arise from the *same contract*") (emphasis added); *Id.* (citing *Intrados,* 277 F.Supp.2d at 62, and quoting the holding of the case that allowed the recoupment claims to go forward because the "counterclaims are similar to those in the plaintiff's claims *because both rely on the same contract*") (emphasis added).

between these disparate claims."[22]  This statement is blatantly inaccurate. First, as alleged in the

Counterclaims themselves, Defendants' Counterclaims relate to their rights under the Partnership

Agreement:

> Defendants counterclaims, like the claims asserted in the Complaint, ***arise from the parties' interest in the Partnership which were governed by the same joint venture agreement*** that forms the basis of Plaintiff's claims against Defendants.[23]

Plaintiff bases its entire motion to dismiss, however, on the premise that the

"transaction" under which Plaintiff's claims arise is not the same as the "transaction" under

which Defendants' Counterclaims arise.  What Plaintiff ignores, but nevertheless cites to

repeatedly, is the caselaw that allows for recoupment claims to proceed provided that they arise

out of same contract under which the plaintiff's claim arises.[24]

For example, in *United States v. Intrados/International Management Group*—a

case cited and relied upon heavily by Plaintiff—the United States District Court for the District

of Columbia examined and allowed a counterclaim for recoupment.[25]  In the *Intrados* decision,

the Court found that defendants' counterclaim arose from the same "transaction or occurrence"

as the plaintiff's claim because "the issues of law and fact presented by defendants' counterclaim

are similar to those in plaintiff's claims ***because both rely on the same contract***."[26]  Similarly, in

---

[22]    Motion, at 12.

[23]    Counterclaims, at 9 (emphasis added).

[24]    *See Baylor*, 194 A.2d at 655 ("Recoupment by way of defense is the right to cut down the original demand of the plaintiff because the plaintiff has violated some duty imposed by law upon him in the performance of the terms of the ***same contract*** . . . on which the plaintiff's cause is based.") (emphasis added); *Corto*, 705 A.2d at 621-22 ("Corto's counterclaim against National does not arise from the ***same contract*** giving rise to National's claim against Corto to recover payment due for services performed.") (emphasis added); *Intrados*, 277 F. Supp. 2d at 61 ("In the case at bar, the issues of law and fact presented by defendants' counterclaim are similar to those in the plaintiff's claims because both rely on the ***same contract***.") (emphasis added).

[25]    277 F. Supp. 2d 55 (emphasis added).

[26]    277 F. Supp. 2d at 61 (emphasis added).

*Baylor v. Bortolussi*—another case cited and relied upon by Plaintiff throughout its Motion—the D.C. Court of Appeals held that defendants were not entitled to assert a defensive claim for recoupment against plaintiff because the "record clearly showed that the counterclaim ***did not arise out of the same contract*** sued upon" by plaintiff.[27]

> Plaintiff's claims and Defendants' Counterclaims all arise out of the Partnership Agreement and Plaintiff does not argue to the contrary—it merely ignores this part of the Rule 13 standard.

> [T]he parties indispensable reliance on the same contract to establish their claims indicates that there is a 'logical relationship' that is sufficient to maintain the Rule 13 'same transaction or occurrence' standard.[28]

> Second, the timing of the conduct alleged in the Counterclaims is immaterial. Plaintiff acknowledges that recoupment claims can be asserted notwithstanding the fact that ***part*** of the factual basis upon which they are asserted would otherwise be barred by the statute of limitations.[29]  But more importantly, not all of the conduct alleged as the basis for Defendants recoupment Counterclaims took place six years ago—indeed WSC continues to this day to be in breach of its fiduciary duty to Defendants, and Defendants continue to incur significant legal expenses as a result of those breaches.[30]

> Plaintiff argues that the Court has ruled that Plaintiff's claims in the present action are distinct in time, space, origin, and motivation from the transactions in the Delaware Action. For Defendants' Counterclaims to survive, however, the Court must examine the relationship of Defendants' Counterclaims to Plaintiff's claims in ***this*** case.  This Court's prior determination

---

[27]    194 A.2d at 656.

[28]    *Intrados*, 277 F. Supp. 2d at 61 (citing Fed. R. Civ. P. 13(a)).

[29]    *See, e.g.,* Motion, at 17, fn. 67. ("Defendants bring those claims in the form of 'recoupment' because, otherwise, they would be barred on limitations grounds.")

[30]    Counterclaim, at ¶¶ 75, 81, 87.

that Plaintiff's claims in this action are not identical to the claims in the Delaware Action for

purposes of *res judicata* has no bearing on whether Plaintiff's claims in this action are subject to

recoupment.[31]  As both Plaintiff's claims and Defendants' Counterclaims in this action arise

under the same contract, there can be no doubt that recoupment is appropriate.

### C.    The Nature Of Relief Sought By Defendants' Counterclaims Is The Same Kind Of Relief Sought By Plaintiff's Claims

Both Plaintiff's claims and Defendants' Counterclaims seek relief in the form of

monetary damages, therefore satisfying the second element of a valid recoupment claim.[32]

In *Intrados*, the United States brought an action for civil penalties under the False

Claims Act and sought relief under various common law theories for the defendant's submission

of fraudulent invoices.  The defendant asserted a recoupment claim in response, alleging that it

had suffered monetary damages as a result of the United States' breach of contract.  The court

held that this recoupment claim was valid and met the same kind of relief requirement, since the

plaintiff's claims and the defendant's recoupment claim both sought monetary damages.[33]

### D.    The Partnership Agreement Provides Defendants Are Entitled To Attorneys' Fees Against Plaintiff

---

[31]    The Court decided whether Plaintiff's claim for a final distribution from Defendants was asserted or could have been asserted by Plaintiff in the Delaware Action.  The Court concluded that Plaintiff sought merely a partial distribution during the Delaware Action—as opposed to a final distribution which the Court concluded was not and could not have been asserted in the Delaware Action.  Thus, there was no application of res judicata.

[32]    *See, e.g., F.D.I.C. v. Hulsey*, 22 F.3d 1472, 1487 (10th Cir. 1994) ("[Recoupment] counterclaims must seek relief of the same kind or nature. ***This has been interpreted to mean that if the plaintiff is seeking monetary relief, the defendant's counterclaims must also seek monetary relief to qualify as claims in recoupment***.") (emphasis added); *United States v. Green*, 33 F. Supp. 2d 203, 225 (W.D.N.Y. 1998) (denying recoupment claim seeking monetary damages where plaintiff's claim sought only equitable relief).

[33]    *Intrados*, 277 F.Supp.2d at 61-62 (citing *United States v. Sherwin-Williams Co.,* 2001 U.S. Dist. LEXIS 25120, at *16 (C.D. Ill. 2001) (recoupment is available when the parties' claims are fungible because they are both monetary in nature).

Although Defendants are not required—as Plaintiff suggests—to layout the entire legal theory of their case in order to survive a motion to dismiss,[34] there is support in the contract at issue for Defendants to recoup attorneys' fees, among other monetary damages, against Plaintiff.[35]  Paragraph 6.09 of the Partnership Agreement, for example, provides that the Partnership shall bear all costs and expenses incurred in connection with the management and operation of the business and affairs of the Partnership.  Paragraph 6.10 requires the Partnership to indemnify Hancock against "expenses of any nature whatsoever (including attorneys' fees and disbursements)."[36]  Defendants incurred expenses in the form of attorneys' fees as a result of Plaintiff's aborted claims against Defendants in the Delaware Action and continue to incur expenses as a result of the claims brought in this action.  Defendants are entitled to assert recoupment as a defensive counterclaim in this action.

### E.     Defendants' Counterclaims Are Not Barred By The Doctrines Of Satisfaction And Double Recovery

The question before this Court is not whether Defendants have alleged an appropriate theory of damages.[37]  The question is whether Defendants have pled damages as part of their Counterclaims and Plaintiff concedes this fact:  Plaintiff notes that "***other than Defendants'*** allegations of damages for litigation costs and fees . . . Defendants allege no facts

---

[34]     Plaintiff argues that "[d]efendants fail to demonstrate any valid basis under District of Columbia law for the requests costs and fees." Motion, at 14.

[35]     *See, e.g., In re Eyke*, 246 B.R. 550, 558 (Bankr. W.D. Mich. 2000) (allowing recoupment with regard to already incurred and future attorneys' fees).

[36]     Paragraph 6.10 of the Partnership Agreement also states that "[n]either the Partnership nor any Partners shall have any claim against the Partners by reason of any act or omission of the Partners except where such claim is based on the actual fraud, bad faith, gross negligence or willful misconduct of a Partner."

[37]     *Crull v. Gem Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir. 1995) (noting that pleadings need only identify the basis of the court's jurisdiction, demand judgment for the relief sought, and contain under Rule 8 "a short and plain statement of the claim showing that the pleader is entitled to relief"—the pleadings "need not identify any particular legal theory under which recovery is sought").

supporting any injury that was not the subject of the Delaware Action."[38]  By conceding that attorneys' fees were not the subject of the Delaware Action, Plaintiff acknowledges that Defendants have not yet recovered these expenses.  Thus, the doctrine of satisfaction and double recovery cannot possibly be applied.

Plaintiff's claims were designed to and did aid the Sheraton Entities in their claims against the Partnership and their continued breaches of fiduciary duty under the Management Agreement.[39]  Plaintiff breached its fiduciary duty under the Partnership Agreement by aiding and abetting the Sheraton Entities in breaching their fiduciary duty under the Management Agreement.  Defendants allege that they have been injured by Plaintiff's aiding and abetting the Sheraton Entities in their breaches of fiduciary duty against Defendants.[40]

### F.    Plaintiff's Request For Costs And Attorneys' Fees Is Without Merit

Plaintiff's request for sanctions in the form of costs and attorneys' fees relating to having to file its Motion is wholly without merit and should also be denied.  Defendants have not ignored the Court's prior ruling by asserting their recoupment Counterclaims because the prior ruling resolving the question of *res judicata* simply has no bearing on the appropriateness of Defendants' Counterclaims.

---

[38]     Motion, at 15. (emphasis added).

[39]     Defendants' Counterclaims expressly sought judgment on their recoupment claims "in an amount to be determined at trial, but ***not to exceed*** an amount awarded to WSC on its causes of action for breach of contract and breach of fiduciary duty." Counterclaims, at 17 (emphasis added).  *See Intrados,* 277 F.Supp.2d at 59 (quoting *United States v. Ownbey Enters., Inc.*, 780 F. Supp. 817, 820 (N.D. Ga. 1991), and noting that when asserting recoupment claims "any damages sought cannot exceed the amount sought by the [plaintiff's] claim").

[40]     *See, e.g.* Counterclaims, at ¶ 84.

## VI.    CONCLUSION

For the foregoing reasons, Hancock respectfully requests that the Court deny

Plaintiff's motion to dismiss in its entirety and grant such additional and further relief as it deems

fair and just.

Respectfully submitted,

/s/ William E. Wallace III
William E. Wallace III  (DC Bar No. 298000)
Jonathan C. Poling (DC Bar No. 489459)
MILBANK TWEED HADLEY & McCLOY
1850 K Street, N.W., Suite 1100
Washington, DC 20006
Telephone: (202) 835-7511
Facsimile:  (202) 263-7511

January 9, 2007                    *Attorneys for John Hancock Life Ins. Co. & 2660*
                                   *Woodley Road Joint Venture*

16

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
WASHINGTON SHERATON CORPORATION,    )
                                    )
          Plaintiff,                )
                                    )
          v.                        )
                                    )
2660 WOODLEY ROAD JOINT VENTURE,    )
                                    )       Case No. 1:05CV0971-HHK
          and,                      )
                                    )
                                    )
JOHN HANCOCK LIFE INSURANCE         )
COMPANY (formerly known as John Hancock  )
Mutual Life Insurance Company),     )
                                    )
          Defendants.               )
_____)

## MEMORANDUM AND ORDER

Having considered Plaintiff's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure Defendants' counterclaims and the parties' arguments in support and opposition of the motion to dismiss, hereby DENIES Plaintiff's motion.

IT IS FURTHER ORDERED that Plaintiff's request for fees and costs is DENIED.

_____
United States District Judge

17

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 9, 2007, I electronically filed and caused to be served by First Class Mail copies of MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS addressed as follows:

John Scheuermann
Scheuermann & Menist
700 E Street, S.E.
Washington, D.C. 20003
Tel: (202) 547-9180

Luke McGrath
Bickel & Brewer
767 Fifth Avenue
New York, NY 10153
Tel: (212) 489-1400

<u>/s/ Jonathan C. Poling</u>
Jonathan C. Poling

DC1:#8130580